*454 OPINION.
Trammell:
There are .two questions for determination in this case. The first is what was the cost or the basis to be used in the determination of the gain, if any, arising from the exchange of assets by the petitioner for stock in the Gaffey Company. The second question is what was the fair market value, if any, of the stock received in exchange.
The petitioner contends that the write-up of assets did not represent an arbitrary amount placed upon the books but represented actual values which values had been capitalized and stock dividends issued therefor. In our opinion, it makes no difference whether the write-up represented actual values or a mere fictitious value. In any event, it does not affect the question of the tax liability, unless any increase in value occurred before March 1, 1913. In determining the tax liability the question to be determined here is what was the cost or the fair market value on March 1, 1913, of the assets. There is no contention in this case that there was any increase in value between the date of acquisition and March 1, 1913, of any assets acquired prior to that time. No evidence of the March 1, 1913, value was introduced in this case, nor was there any question raised with respect to the March 1, 1913, value. This being true, we will accept and approve the determination of the respondent as to the basis to be used in the determination of any gain resulting from the exchange.
The next question is whether the stock of the Gaffey Company had a fair market value at the time it was received by the petitioner. It was conceded that the stock had an actual value of at least par. The petitioner before the transfer of its assets to the Gaffey Company, and the Gaffey Company subsequently, had been prosperous and successful. The only contention in this regard is that the stock of the Gaffey Company being closely held, it did not have a market value. While this fact may have some effect on the market price or value, we do not think that it is sufficient in and of itself to deprive stock of any market value. In other words, in determining whether stock has a fair market value, the fact that it is closely held and the fact that none of it sold for cash in the open market, are evidentiary facts to be considered but are not determinative in and of themselves alone as to whether the stock had a market value. The respondent determined that it did have a market value equal to its par value and we are not convinced from the evidence that this is not true. On the other hand, the evidence supports that valuation.

Judgment will be entered under Bide 50.